UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NICHOLAS PIERCE,

    Plaintiff,

v.                                                             Case No. 07-C-283

DONALD DAVIS and CITY OF MANAWA,

    Defendants.

---

## DECISION AND ORDER

---

        On April 1, 2004, plaintiff Nicholas Pierce was arrested by City of Manawa police officer Donald Davis, who had been hired by the city only a month earlier. Davis arrested the plaintiff and cited him for operating a motor vehicle under the influence of an intoxicant, in violation of Wis. Stat. § 346.63(1)(a). (Praska Aff., Ex. A.) Plaintiff was detained and incarcerated in jail as a result of several firearms and related paraphernalia found in a search of his vehicle.

        Plaintiff asserts that the arrest was unlawful because Officer Davis manufactured the evidence relating to plaintiff's OUI arrest. In short, plaintiff asserts he was not intoxicated and that the officer lied and / or embellished his report in order to create an impression of probable cause. The defendants have filed a motion for summary judgment on the basis of *res judicata* rather than the underlying merits of the dispute. In particular, they note that the plaintiff brought a nearly identical lawsuit against the same defendants in Waupaca County Circuit Court, Case No. 05-CV-6. In that case, plaintiff alleged that the City of Manawa was negligent in failing to investigate Davis' background before hiring him. He further alleged that Davis himself was negligent by arresting the

plaintiff without probable cause. (Praska Aff., Ex. C.) These allegations mirror the allegations raised in the present case. In this case the plaintiff (who appears *pro se*) has added what appears to be a claim for defamation resulting from the loss of status he experienced in his Army Reserve unit. In his response brief, he makes mention of his Constitutional rights, although he has not pled a claim for any Constitutional violations.

The principle of *res judicata* ensures that resolutions of disputes between identical parties by courts of competent jurisdiction are entitled to finality. *Cole v. Board of Trustees of University of Illinois,* 497 F.3d 770, 772 (7th Cir. 2007). The doctrine applies when: (1) the parties in both suits are identical; (2) there is an identity in the causes of action; and (3) the prior litigation resulted in a final judgment on the merits. *Id.* Here, there is no dispute about the first point, as the parties to both lawsuits are identical. As to the second requirement, there is essentially no dispute that the issues raised arise out of the same transaction (the traffic stop). Although the plaintiff may be clothing his claims in new legal arguments, *res judicata* applies to bar any claims – regardless of how they may be styled – that *could* have been brought in the prior litigation. That is, "a subsequent suit is barred if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Okoro v. Bohman,* 164 F.3d 1059, 1062 (7th Cir. 1999); *Pliska v. City of Stevens Point, Wis.,* 823 F.2d 1168, 1172-73 (7th Cir. 1987) ("A claim can be barred even though the plaintiff seeks remedies or forms of relief that were not demanded in the former action.") It is clear that the negligence claims, as well as any Constitutional or other claims discernible in the amended complaint, could have been brought in the state court action.

Plaintiff disputes the third requirement for application of the *res judicata* doctrine. He asserts that the state court action was not a judgment "on the merits" because the circuit judge

decided the case based on the defendants' motion for judgment on the pleadings. There was never a trial or opportunity for the plaintiff to present the facts he believes supported his case. He further asserts that his attorney ignored the plaintiff's arguments regarding (for example) the city's ministerial duties, as set forth in state law, in hiring law enforcement officers. The attorney also dissuaded the plaintiff from filing an appeal.

Nevertheless, the fact that there was not a trial does not mean the state court's judgment was not one "on the merits." Most cases, in fact, are resolved on motions without a trial. In bringing the action in federal court, the plaintiff is essentially asking a federal trial court to reverse the judgment of a state trial court, and that is precisely the circumstance which the *res judicata* doctrine seeks to prevent. Similarly, if the plaintiff is unhappy with the legal advice he received in the state proceedings, he should have sought a second opinion, filed an appeal, or filed a malpractice action against his attorney. A federal court is not the proper venue for challenging the decision of a state court in a civil case. Accordingly, because *res judicata* precludes consideration of the plaintiff's claims, the case is **DISMISSED**.

**SO ORDERED** this   6th   day of May, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge